UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
AUG 13 2013
CLERK, US DISTRICT COURT
NORFOLK VA

UNITED STATES OF AMERICA,

v.

Criminal No.: 4:11cr49
Civil No.: 4:12cv133

TRENITA ASHLOCK,

Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. The matter was referred to the undersigned United States Magistrate Judge by the Honorable Robert G. Doumar. Judge Doumar's referral order asks the undersigned to make a report and recommendation on Claims One (1), Three (3), and Four (4) of Defendant's Motion. ECF No. 37. The Court recommends denying each ground of the Motion.

### I. STATEMENT OF THE CASE

**A. Background**

Defendant Trenita Ashlock ("Petitioner" or "Ashlock") is detained pursuant to a conviction entered in this court on February 13, 2012. Defendant pled guilty on October 7, 2011 before the undersigned to Count One of an Indictment, which alleged conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1349 & 1341. *See* ECF No. 43-4 (Transcript of Plea Hearing). Defendant was sentenced to seventy-five months incarceration. Defendant's Motion relates to this sentence.

Defendant did not file a direct appeal because Defendant's "attorney said that [she] could

not appeal because [she] signed a plea agreement." Def.'s Mot. 4 (ECF No. 36).

Defendant filed her present Motion with the Court on August 17, 2012. *Id.* Judge Doumar then referred Grounds One, Three and Four of the Motion to the undersigned for a report and recommendation. ECF No. 37. The United States filed its Response to the Motion on April 29, 2013. ECF Nos. 43. Defendant filed a Reply to the United States' Response on May 28, 2013. ECF No. 46. As the matters are fully briefed, the Motion is ripe for a Report and Recommendation.

## B. Grounds Alleged

Petitioner asserts that she is entitled to relief under 28 U.S.C. § 2255 for the following reasons:

(1) ineffective assistance of counsel because defense counsel did not adequately explain plea agreement and for failing to object to presentence report;

(2) the District Court erred in calculating guideline sentences;

(3) the search warrant used to search Defendant's abode was unconstitutional; and

(4) the United States Attorney violated the plea agreement with Defendant.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Standard of Review

A motion under 28 U.S.C. § 2255 may only be granted if the defendant proves "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under this section should only be granted for jurisdictional errors, constitutional errors, or errors of law that result in a complete miscarriage of justice. *See United States v. Addonizio,* 442

U.S. 178, 185 (1979). The standard for a miscarriage of justice requires a defendant "show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010 (2000).

When examining errors that were not objected to at trial, the proper standard is the "cause and actual prejudice standard." *See Wainwright v. Sykes*, 433 U.S 72 (1977); *Davis v. United States*, 411 U.S. 233 (1973). "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167-168 (1982). This standard requires more than just showing the possibility of prejudice, instead a defendant "shoulder[s] the burden of showing. . . that [the errors] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**B. Procedural Default**

Cognizable claims brought under Title 28 of U.S.C. § 2255 are limited and not as expansive as those claims cognizable under direct appeal. "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994) and *Sunal v. Large*, 332 U.S. 174, 178 (1947)). As a general rule, claims which could have been raised on direct appeal, but were not, are procedurally defaulted because a collateral attack is not meant as a substitute for direct appeal. *See e.g., id; Frady*, 456 U.S. at 165.

When a defendant enters a guilty plea, additional restrictions are placed on a collateral habeas attack. *See Bousley*, 523 U.S. at 621. When the plea agreement includes a waiver of a

defendant's right to appeal, as occurred in this case, *see* Plea Agreement 4-5 (ECF No. 43-2), the defendant "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal." *United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009) (quoting Brian R. Means, *Fed. Habeas Practitioner Guide*, Jurisdiction ¶ 1.23.0 (2006/2007)) (emphasis in original).

Claims (3) & (4) are both claims that Defendant could have raised on direct appeal. Claim (3) challenges the constitutionally of the search warrant in Defendant's case and Claim (4) alleges that the United States Attorney did not abide by the plea agreement. *See* Def.'s Mot. 7-9. Objecting to the constitutionality of a search warrant is clearly proper on direct appeal. *See e.g., Coolidge v. New Hampshire*, 403 U.S. 443 (1971) (challenging the neutrality of the issuing person); *United States v. Ventresca*, 380 U.S. 102 (1965) (upholding the validity of a warrant). Similarly, a complaint that the United States Attorney did not abide by the plea agreement is proper on direct appeal. *See e.g., Puckett v. United States*, 556 U.S. 129 (2009) (taking up issue of government's breach of a plea agreement on appeal); *United States v. Barley*, 428 Fed. App'x 278 (4th Cir. 2011) (per curiam). Since these claims could have been raised on appeal and were not, both are procedurally defaulted. Because these claims are the types of claims that should be raised on appeal and because Defendant waived her right to appeal, she cannot use a collateral attack to raise these types of issues. *See Linder*, 552 F.3d at 396-97.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (citing *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). This requires that Defendant meet the "cause and actual prejudice standard." *See Wainwright*, 433 U.S 72; *Davis*, 411 U.S. 233. Neither of

4

Defendant's claims reach this threshold. In neither claim does Defendant attempt to demonstrate a cause for her failure to raise these issues on appeal, except that she was unable because she knowingly gave up her right to appeal. Similarly, Defendant has not made a showing of actual prejudice as there is no evidence that the outcome would have been different if the warrant had been declined or if the unknown promises had been kept by the government.[1] Finally, nowhere in her petitioner does Defendant even allege, let alone show, that she is actually innocent.

As Defendant has failed to make the required showing to remove the bar of procedural default, and because these claims are the sorts of claims that can be raised on direct appeal, Plaintiff has procedurally defaulted on Claims (3) & (4). Therefore, the Court RECOMMENDS these claims be dismissed.

## C. Merits

Defendant's remaining claim, Claim (1), challenges her conviction based on ineffective assistance of counsel and is properly before this Court. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991) (discussing how collateral attack is the proper place for an ineffective assistance of counsel claim). In particular, Defendant claims that counsel failed to clearly explain her options, did not explain her plea agreement, coerced her into signing the agreement, stood silent at the plea hearing and sentencing, failed to object to the presentence report and failed to present mitigating evidence that would have lowered Defendant's sentence. Def.'s Mot. 5 (ECF No. 36).

A defendant asserting ineffective assistance of counsel must satisfy the two part *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of

---

[1] It is important to note that Defendant made no allegations as to what was promised to her and what promises the United States Attorney broke. *See* Def.'s Mot. 9. (ECF No. 1). Without such information, the Court cannot find that Defendant made a showing of actual prejudice.

reasonableness and 2) whether Petitioner suffered actual prejudice as a result. *Id.* at 687-96. The "performance prong" of review under *Strickland* requires Petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The "prejudice prong" requires Petitioner to show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In order to meet the burden of establishing a reasonable probability of a different result, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Petitioner must show "probability sufficient to undermine confidence in the outcome." *Id.* at 694. If a claim may be disposed of under one prong, analysis under the remaining prong is not required. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Because Defendant pled guilty, the prejudice prong requires a higher threshold of proof. *See Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985). In this case, Defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial."[2] *Id.* at 59; *see also Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988). Additionally, when a defendant enters a plea voluntarily and intelligently, the representations made in the plea colloquy are binding, unless there is clear and convincing evidence to the contrary. *Fields v. Attorney General of Maryland*,

---

[2] In *Missouri v. Frye*, the Supreme Court held that insisting on going to trial was not the only way to show prejudice in guilty plea cases. 132 S. Ct. 1399, 1410. The Court held that prejudice can also be demonstrated by a defendant showing that but for counsel's ineffective assistance, the defendant would have accepted an earlier plea agreement. *Id.* This rule does not apply in this case because Defendant does not allege a previous offer was made. *See* Def.'s Mot. 5.

956 F.2d 1290, 1299 (4th Cir. 1992). When a plea bargain is favorable to a defendant and accepting the bargain is a reasonable and prudent decision, the acceptance of that plea bargain is further evidence of a voluntary and intelligent plea. *Id.*

Defendant's Claim (1) breaks down into three arguments. First, she argues that her counsel was ineffective because he did not fully explain her options and did not explain the plea agreement. Def.'s Mot. 5. Second, Defendant argues that counsel coerced her into signing the agreement. *Id.* Third, Defendant argues that her counsel was ineffective because he stood silent at the plea hearing and sentencing, and failing to object to the presentence report and failing to present mitigating evidence that would have resulted in a lesser sentence. *Id.* The Court will address each argument in turn.

On her first argument, that counsel was deficient because he did not explain Defendant's options or the plea agreement, Defendant has failed to prove either prong of the *Strickland* standard. In looking at the deficiency prong of the Strickland test, Defendant has failed to even allege specific failures by counsel and her allegations are contradicted by her statements under oath at the plea colloquy.

In her Motion, Defendant does no more than allege that counsel failed to explain her options or the plea agreement. Def.'s Mot. 5. In her reply to the Government's response, Defendant adds the allegation that she was rushed into the plea agreement, and that her attorney stated explicitly that she would receive no more than five years under the plea agreement. Movant's Resp. 4 (ECF No. 46). This, however, is insufficient to meet her burden. Defendant's statements are directly contradicted by her statements to the Court in her plea colloquy. When asked if she was satisfied that her counsel has "considered all of the facts and discussed with [her] any possible defenses," Defendant replied "Yes." Plea Colloquy Tr. 12:1-4 (Oct. 7, 2011)

(ECF No. 43-4). Similarly, when asked if she understood that her attorney's recommendation on sentencing, and the government's agreement to not oppose that sentence, was not binding on the Court, she answered "Yes." Plea Colloquy Tr. 12:18-21. She also answered "Yes" when asked if she understood that the Government's agreement with her on a sentencing guideline range was not binding on the Court. Plea Colloquy Tr. 15:22-16:10. Further, when asked if she understood that her attorney could not know precisely her sentencing range until her presentence report was produced, Defendant answered "Yes." Plea Colloquy Tr. 14:9-17; 15:6-11.

These statements at the plea colloquy are binding on the Defendant because her plea was given freely and voluntarily. *See Fields*, 956 F.2d at 1299. To overcome this rule, Defendant must provide clear and convincing evidence that her plea was not voluntary. *See id.* Defendant has provided no evidence at all beyond an allegation that she was rushed into the agreement. Movant's Resp. 4 (ECF No. 46). Further, under oath, Defendant stated that she was pleading guilty freely and voluntarily, Plea Colloquy Tr. 20:10-12, and this plea agreement was to her favor because the Government dismissed other charges against her. *See* Sentencing Tr. 30:17-21; Plea Agreement 6 (ECF No. 43-2).

As for the deficiency prong, Defendant has made only one specific allegation, that her attorney promised she would serve no more than five years, and that allegation is contradicted by her statements under Oath. As Defendant has failed to overcome her burden to show her plea was not freely and voluntarily given, these statements are binding and Defendant's statements defeat her argument. Additionally, she has failed to prove any sort of deficiency in her counsel beyond making bare allegations.

The Court need not address the issue of prejudice because Defendant has failed to prove the deficiency prong. However, Defendant has not proved prejudice because she does not even

allege, let alone prove, that she would have insisted on going to trial if not for her counsel's errors. *See* Def.'s Mot. 5; Movant's Resp. 3-4. Therefore, Defendant cannot prevail on this claim.

The second part of Defendant's claim is that she was coerced by her counsel into taking the plea bargain. *See* Def.'s Mot. 5. Again, Defendant is bound by her statements at the plea hearing, and her statements under oath, contradict her allegations. When asked if she had been threatened or had forced used to make her plead guilty, Defendant answered "No, Sir." Plea Colloquy Tr. 12:11-13. Further, Defendant does no more than allege that she was coerced by her attorney into taking the agreement. *See* Def.'s Mot. 5. With this in mind, Defendant has failed to carry her burden to show counsel's deficiency. As for the prejudice prong, Defendant failed to meet her burden as she did not allege that she would have insisted on going to trial but for her attorney's errors.

The third part of Defendant's claim lies with allegations of ineffective assistance of counsel during the sentencing phase of the case. *See* Def.'s Mot. 5. This argument is akin to the second overall claim made by Defendant regarding an alleged error with the sentencing calculations. That second claim was not referred to the Undersigned. Therefore, the Court will not make a recommendation regarding Defendant's arguments concerning counsel's actions at the sentencing hearing or counsel's failure to object to the presentence report, because this issue is intermingled with the claim reserved to the District Judge. However, within her argument, Defendant makes an accusation that counsel "stood silent" at the plea hearing. *See* Def.'s Mot. 5. This accusation is without basis as counsel spoke at the appropriate times at plea hearing, and this accusation should be denied. *See generally* Plea Colloquy Tr.

Based on the foregoing, the Undersigned RECOMMENDS Defendant's Claims (3) & (4) and the parts of Claim (1) addressing whether counsel explained the plea agreement and options to Defendant and whether counsel coerced Defendant be DENIED.

**D. Hearing**

Further, the Court FINDS no evidentiary hearing is necessary because Defendant's guilty plea was knowing and voluntary, and Defendant has not established any extraordinary circumstance that would warrant a hearing. *See United States v. Lemaster*, 403 F.3d 216, 222-223 (4th Cir. 2005) (holding that an evidentiary hearing is not necessary when a defendant has plead guilty).

### III. RECOMMENDATION

The Court recommends that Claims (3) & (4) and the parts of Claim (1) addressing whether counsel explained the plea agreement and options to Defendant, and whether counsel coerced Ms. Ashlock of Defendant's Motion to Vacate, Set Aside, or Correct a Sentence (ECF No. 36) under 28 U.S.C. § 2255 be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
August 13, 2013

## CLERK'S MAILING CERTIFICATE

      A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Trenita Ashlock, No. 578849-083
FPC Alderson
Federal Prison Camp
Glen Ray Road, Box A
Alderson, West Virginia 24910


Jerome M. Maiatico
Andrew Creighton
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606

Fernando Galindo, Clerk

By _____
Deputy Clerk
August 16, 2013