IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



FILED

SEP 13 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

**TRENITA ASHLOCK,**

Petitioner

v.

**UNITED STATES OF AMERICA,**

Respondent.

CIVIL NO. 4:12-cv-133
CRIMINAL NO. 4:11-cr-49

## ORDER

This matter comes before the Court upon Trenita Ashlock's ("Petitioner") (1) Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), ECF No. 36; and (2) Petitioner's Motion for Extension of Time to File a Reply to the Government's Response to her § 2255 Motion ("Motion for Extension of Time"), ECF No. 45. For the reasons set forth herein, the Court (1) **ACCEPTS** the Magistrate Judge's Report and Recommendations, ECF No. 48; (2) **DENIES** Petitioner's § 2255 Motion, ECF No. 36; and (3) **DENIES** Petitioner's Motion for Extension of Time as moot, ECF No. 45.

### I.  PROCEDURAL HISTORY

On July 13, 2011, a federal grand jury returned a two-count Criminal Indictment against Petitioner alleging (1) Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. §§ 1349 and 1341; and (2) Transmitting a Counterfeit Money Order in violation of 18 U.S.C. §§ 500 and 2. ECF No. 1.

On October 7, 2011, Petitioner appeared before Magistrate Judge Tommy E. Miller and pled guilty to Count One of the Indictment. See Min. Entry, ECF No. 18; see also Plea Agmnt.,

ECF No. 20; Stmt. of Facts, ECF No. 21. On February 13, 2012, Petitioner appeared before the undersigned and was sentenced to a 75-month term of imprisonment on Count One. Min. Entry, ECF No. 29; see also J., ECF No. 30. Count Two of the Indictment against Petitioner was dismissed. J., ECF No. 30. Petitioner waived her right to appeal her sentence as part of her Plea Agreement. ECF No. 20; see also Min. Entry, ECF No. 18.

On August 17, 2012, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 36. On January 8, 2013, the Court issued an Order referring the matter to Magistrate Judge Tommy E. Miller for submission to the Court of proposed findings of fact and a recommendation concerning Grounds One, Three, and Four of the Petitioner's § 2255 Motion. ECF No. 37. Judge Miller then issued an Order for the Government to file a Response to Petitioner's § 2255 motion within 60 days. ECF No. 38. After filing a Motion for Extension of Time on March 4, 2013, ECF No. 40, which was granted by Judge Miller on March 12, 2013, the Government then filed, on April 29, 2013, in accordance with Judge Miller's January 8 Order, a Response to Petitioner's § 2255 Motion, ECF No. 43.

The Government did not send a Roseboro Notice to the petitioner, who was not represented by counsel. Consequently, on May 9, 2013, the Court sent the Petitioner notice as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner was notified that she was entitled to file a reply opposing the response of the Government, including any counter-affidavits, statements, exhibits, or other legal or factual material to support her case, and also that she had a right to file a legal brief in opposition to the Government's. ECF No. 44. The deadline for Petitioner to file her reply was May 31, 2013. Id.

On May 10, 2013, Petitioner filed a Motion for Extension of Time. ECF No. 45. However, on May 28, 2013, Petitioner did in fact timely file a Reply to the Government's

Response to her § 2255 Motion. ECF No. 46. Accordingly, Petitioner's May 10 Motion for Extension of Time is hereby **DENIED** as moot. ECF No. 45.

## II. PETITIONER'S RULE 11 COLLOQUY

### A. SWORN STATEMENTS MADE DURING THE COURSE OF A PROPERLY CONDUCTED RULE 11 COLLOQUY CARRY A STRONG PRESUMPTION OF VERITY

"[A] guilty plea is an admission of all the elements of a formal criminal charge . . . ." McCarthy v. United States, 394 U.S. 459, 466 (1969). In United States v. Lemaster, the Fourth Circuit set forth the standard which governs a court's review of allegations advanced in a motion pursuant to 28 U.S.C. § 2255 which directly contradict a petitioner's sworn statements during a properly conducted Rule 11 colloquy:

> "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,'" because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated—"permit[ting] quick disposition of baseless collateral attacks."

403 F.3d 216, 221-22 (4th Cir. 2005) (alterations in original).

### B. PETITIONER'S SWORN STATEMENTS DURING THE COURSE OF HER PROPERLY CONDUCTED RULE 11 COLLOQUY ON OCTOBER 7, 2011

Petitioner's Rule 11 Colloquy occurred on October 7, 2011. See Guilty Plea Hr'g Tr., ECF No. 43-4. Petitioner was sworn at the beginning of the colloquy. Guilty Plea Hr'g Tr. 4:12, ECF No. 43-4. Responding to the Court's questions, Petitioner acknowledged that she had received a copy of the indictment and discussed it with her attorney. Id. at 5:17–5:21. The Court

explained the elements of the crime with which Petitioner was pleading guilty (conspiracy to commit mail fraud), the maximum penalties associated with a conviction thereof, and what the Government would have to prove in order to convict her. Id. at 5:23–9:8. Petitioner affirmed that she understood each of these things as they were explained to her. Id.

The Court then turned to the Plea Agreement. In response to the Court's questions, Petitioner acknowledged that she had read the Plea Agreement, initialed each page and signed the last page, and that her attorney had reviewed its contents with her. Id. at 9:9–9:17. Petitioner's attorney stated that he went over the Plea Agreement with Petitioner page by page, that Petitioner thoroughly understood it, and that he had initialed each page. Id. at 9:18–10:1. Both counsel for Petitioner and counsel for the Government acknowledged that there were no other agreements between Petitioner and the Government that were not contained in the Plea Agreement. Id. at 10:2–10:11. Petitioner acknowledged that she understood she had the right to plead not guilty and to go to trial, as well as the rights she would waive by pleading guilty. Id. at 10:13–11:24.

Satisfied that Petitioner understood those rights, the Court turned to the issue of whether Petitioner believed any of her constitutional rights were violated during the course of her investigation and/or prosecution. When the Court asked the Petitioner "Do you feel that any of your constitutional rights have been violated in any way in the seizure of any evidence or any items taken in this case, physical items?" the Petitioner responded "No, sir." Id. at 11:25–12:4. Petitioner also responded in the negative when asked if she felt her constitutional rights had been violated in regards to any statements, oral or written, she had made to law enforcement officers. Id. at 12:5–12:8. The Court further inquired as to whether anyone threatened Petitioner in any way or used force against her in order to induce her to plead guilty, to which Petitioner answered

"No, sir." Id. at 12:11–12:13.

Petitioner stated that she understood that any recommendations by the prosecution regarding her sentence would not be binding on the Court, and further that it was impossible for either the court or her attorney to know at that time what sentence range the guidelines would prescribe. Id. at 12:14–14:17. Specifically, the Court asked Petitioner whether she understood "that at this point it's unlikely that Mr. Colgan [Petitioner's counsel] can be specific as to the guidelines which will apply in your case because he does not have all the necessary information and has not seen the presentence report?" Id. at 15:6–15:10. Petitioner responded "Yes." Id. at 15:11. In particular, the Petitioner acknowledged that she would be giving up the right to appeal her guideline range or sentence, even if either of them were higher than she expected. Id. at 15:16–15:21; see also Plea Agmnt., ECF No. 20, at 4–5. Petitioner also affirmed that she entered her guilty plea freely and voluntarily. Guilty Plea Hr'g Tr. 16:11–16:13, ECF No. 43-4.

The Court then turned its attention to Petitioner's counsel, who affirmed that Petitioner had been competent and able to cooperate with him in the case. Id. at 16:14–16:17. Counsel also stated that he had discussed the facts of the case in detail with Petitioner and that he was satisfied that there were no meritorious defenses that Petitioner could raise that would result in a not guilty verdict by a jury. Id. at 16:18–16:25.

Having established that Petitioner understood the contents of the Indictment and Plea Agreement, the Court then took Petitioner's plea of guilty as to Count One of the Indictment against her. Id. at 20:7–20:9. In response to the Court's questions, Petitioner affirmed that she made the plea freely, voluntarily, without any threats from others, and because she was in fact guilty of the offense charged. Id. at 20:10–20:18.

Finally, the Court turned to the factual predicate supporting Petitioner's plea. The Court

asked Petitioner about the Statement of Facts, and she acknowledged that those provided were the ones she agreed to. Id. at 20:19–20:22; see also Stmt. of Facts, ECF No. 21. Petitioner further affirmed that she had reviewed the Statement of Facts with her attorney and that there was nothing in them that she disputed. Guilty Plea Hr'g Tr. 20:23–21:3, ECF No. 43-4.

Based on the aforementioned sworn statements by Petitioner and her attorney, and satisfied that the "offense charged is supported by an independent basis in fact establishing each of the essential elements of the offense," the Court then accepted Petitioner's plea of guilty as to Count One of the Indictment. Id. at 21:13–21:21.

### III. PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 IS DENIED

Collateral review created by 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing Court lacked jurisdiction; (3) the sentence imposed was in excess of the maximum amount authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. On such grounds, the petitioner may move the court to vacate, set aside, or correct a sentence. The Supreme Court has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both a conviction and the post-conviction sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974).

A district court may dismiss a petitioner's § 2255 motion in several clearly defined circumstances. The statute provides that, "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney [and] grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255. Thus, as a corollary, a court may dismiss a § 2255 motion if it is clearly

inadequate on its face and if the petitioner would not be entitled to relief assuming the facts alleged in the motion are true. Where the record refutes a petitioner's allegations, dismissal is appropriate. Likewise, if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing. See Green v. United States, 65 F.3d 546, 548–49 (6th Cir. 1995) (finding an evidentiary hearing unnecessary because all claims by petitioner alleged legal errors).

When filing a § 2255 petition to vacate, set aside, or correct a sentence, a petitioner "bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). A motion under § 2255 may not, however, "do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Thus, any matter that could have been asserted either at trial or on appeal but was not so asserted is not appropriate for review on motion under § 2255 without a showing of "cause" sufficient to excuse the double procedural fault and "actual prejudice" resulting from the error. Id. at 167–68; see also Wainright v. Sykes, 433 U.S. 72 (1977); Davis, 411 U.S. at 241–43 ("We believe that the necessary effect of the congressional adoption of [Fed. R. Crim. P. 12] is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires."). A showing of "actual prejudice" requires a petitioner to establish that the error had a "substantial and injurious effect or influence in determining the jury's verdict." Fry v. Pliler, 551 U.S. 112, 116 (2007) (quoting Brecht v. Abrahamson, 507 U.S. 619, 631 (1993)).

Absent a showing of "cause" and "prejudice" a petitioner may only raise a procedurally

defaulted claim in a collateral attack upon a showing that a "miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Frady, 456 U.S. at 167–68; United States v. Maybeck, 23 F.3d 888, 891–92 (4th Cir. 1994)). In other words, a petitioner must establish actual innocence by clear and convincing evidence. Id.

In the instant case, Petitioner asserts four grounds on which she is entitled to relief under 28 U.S.C. § 2255: (1) that she received ineffective assistance of counsel due to defense counsel not adequately explaining the Plea Agreement to her, as well as defense counsel's failure to object to her presentence report; (2) that this Court miscalculated her guideline sentence; (3) that the search warrant used to search her home was unconstitutional; and (4) that the Assistant United States Attorney violated the Plea Agreement. These grounds will be discussed below.

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

#### 1. Standard of Review Concerning Ineffective Assistance of Counsel Claims

To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).

First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness. To show that defense counsel's performance was objectively unreasonable, the petitioner must articulate specific acts or omissions whereby counsel's performance fell "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. When reviewing the propriety of these alleged acts or omissions, courts must give substantial deference to defense counsel's strategic judgments. Id. at 689-690.

Second, the petitioner must show that he was prejudiced by counsel's deficient performance, in that it is "reasonably likely" that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Harrington v. Richter, 131 S. Ct. 770, 791-

8

92 (2011) (citing Strickland, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." Id. (citing Strickland, 466 U.S. at 693). The burden is on the petitioner to affirmatively prove prejudice. Strickland, 466 U.S. at 693.

A petitioner's failure to satisfy either prong of the Strickland test renders it unnecessary for a reviewing court to consider the other element. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

### 2. Petitioner's § 2255 Motion Cannot Establish that Counsel's Performance was Unreasonable and Thus Fails the First Strickland Prong

Petitioner's § 2255 Motion alleges that her counsel provided constitutionally inadequate assistance by failing to explain the Plea Agreement to Petitioner, by coercing Petitioner into signing the Plea Agreement, and by not objecting to Petitioner's presentence report at her sentencing. Pet.'s § 2255 Mot. 5, ECF No. 36. The Court **FINDS**, however, that none of these claims have been proven by a preponderance of the evidence.

Petitioner's first two claims, that her counsel did not explain the Plea Agreement to her and that counsel coerced her into signing the Plea Agreement, fail the first Strickland prong because she cannot prove that her counsel's assistance was ineffective. Because, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established," United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005), Petitioner's statements at the time she entered her guilty plea cannot be overcome by bald assertions to the contrary after conviction. Pet.'s § 2255 Mot. 5, ECF No. 36; Pet.'s Reply 4, ECF No. 46; see also supra Part II.B (setting forth detailed account of Petitioner's sworn statements during the course of her Rule 11 colloquy, in which Petitioner acknowledged that counsel had explained the Plea Agreement to her, that she understood it, and that she entered her plea knowingly and voluntarily). Because Petitioner produces no evidence of any extraordinary

circumstances, her statements during her Rule 11 colloquy are binding, and thus her first two claims fail the first Strickland prong.

Petitioner's third claim regarding ineffective assistance of counsel likewise lacks any proof to support it. Petitioner states that her counsel's assistance was ineffective because counsel failed to object to her presentence report. Pet.'s § 2255 Mot. 5, ECF No. 36. Construed liberally, this claim appears to relate to Petitioner's second grounds for vacating her sentence: that the Court miscalculated the guidelines for her sentence. That claim, in addition to being procedurally defaulted as discussed below in Part III.B, is also without merit and thus it was not ineffective assistance on the part of Petitioner's attorney not to object to the presentence report on that ground.

Petitioner alleges that this Court "plainly erred by failing to make a finding that [Petitioner] had victims and that the ghost victims suffered $400,000 in intended loss." Pet.'s § 2255 Mot. 6, ECF No. 36. Construed liberally, Petitioner is claiming that the guideline sentence calculations were incorrect because they were based upon an erroneous assumption that she mailed or intended to mail more than $400,000, but less than $1,000,000, in counterfeit money orders. Id.; see also Stmt. of Facts 2, ECF No. 21.

However, this claim fails for two reasons. First, Petitioner seems to fault the Court for not identifying particular victims, but because the charge against her was conspiracy to commit mail fraud, mere intent is sufficient even if, assuming arguendo, there were no actual victims. Second, any claim that Petitioner might be making that she lacked such intent contradicts the statements she made under oath during her Rule 11 Colloquy. See supra Part II.B (describing how Petitioner stated that she agreed to the Statement of Facts as provided, that she had gone over them with her attorney, and that there was nothing in them that she disputed); Stmt. of Facts 2, ECF No. 21

("The parties stipulated that, over the course of the conspiracy, ASHLOCK mailed or intended to mail a total of more than $400,000, but less than $1,000,000, in counterfeit money orders."). Again, absent a showing of extraordinary circumstances, a later claim that Petitioner's guideline sentence was calculated based on bogus facts cannot overcome her previous sworn statements to the contrary. See supra Part II.A (quoting at length the standard of review to be applied to § 2255 claims challenging earlier sworn statements). Thus, this claim fails the first Strickland prong.

Because all ineffective assistance of counsel claims fail to satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, the Court **DENIES** Petitioner's § 2255 Motion insofar as it argues ineffective assistance of counsel.

### B. MISCALCULATION OF GUIDELINE SENTENCE, UNCONSTITUTIONAL SEARCH OF PETITIONER'S HOME, AND VIOLATION OF PLEA AGREEMENT

Petitioner's remaining three claims—regarding the calculation of her guideline sentence, the constitutionality of the search of her home, and violations of her Plea Agreement—are all procedurally defaulted because they should have been raised on appeal and Petitioner has not argued either actual prejudice or a miscarriage of justice in her § 2255 Motion. Frady, 456 U.S. at 167-68. Thus, the Court **FINDS** that none of these claims can serve as a valid basis for relief under § 2255.

When a defendant waives her right to an appeal as part of a plea of guilty, she "is not precluded from filing a petition for collateral review," but she is "precluded from raising claims that are the sort that could have been raised on appeal." United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009) (quoting Brian R. Means, Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0 (2006/2007)). In this case, Petitioner did waive her right to appeal her sentence or conviction as part of her Plea Agreement. Plea Agmnt. 4–5, ECF No. 20. Erroneous calculations of a guideline sentence, unlawful searches in violation of the Fourth or Fourteenth Amendments,

and failure of the prosecution to abide by a plea agreement are all issues that should have been brought on direct appeal, and because no cause has been argued for the failure to do so, both are procedurally defaulted. <u>United States v. Mikalajunas</u>, 186 F.3d 490, 493 (4th Cir. 1999) ("The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.").

The Court, therefore, **DENIES** Petitioner's § 2255 Motion insofar as it argues miscalculation of her guideline sentence, unlawful search and/or seizure in violation of the Fourth or Fourteenth Amendments, or the failure of the Government to abide by the Plea Agreement.

## IV. CONCLUSION

For the reasons set forth herein, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendations, ECF No. 48; Petitioner's § 2255 Motion is **DENIED**, ECF No. 36; and Petitioner's Motion for Extension of Time is also **DENIED** as moot, ECF No. 45.

Petitioner is **ADVISED** that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. For the reasons stated herein, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and the U.S. Attorney's Office for the Eastern District of Virginia.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
September 12, 2013

13